## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BAYER HEALTHCARE, LLC )
12809 Shawnee Mission Parkway )
Shawnee Mission, KS 66216 )
)
<u>Plaintiff,</u> )
)
v. )
)
UNITED STATES FOOD AND DRUG )
ADMINISTRATION )
10903 New Hampshire Avenue )
Silver Spring, MD 20993; )
)
MARGARET HAMBURG, in her official )
capacity as Commissioner, United States Food )
and Drug Administration )
10903 New Hampshire Avenue )
Silver Spring, MD 20993; )
)
CENTER FOR VETERINARY MEDICINE )
7519 Standish Place, HFV-12 )
Rockville, MD 20855; )     No. _____
)
BERNADETTE DUNHAM, in her official )
capacity as Director, Center for Veterinary )
Medicine )
7519 Standish Place, HFV-12 )
Rockville, MD 20855; )
)
UNITED STATES DEPARTMENT OF )
HEALTH AND HUMAN SERVICES; )
200 Independence Avenue, SW )
Washington, DC 20201; )
)
and )
)
KATHLEEN SEBELIUS, in her official )
capacity as Secretary, United States Department )
of Health and Human Services. )
200 Independence Avenue, SW )
Washington, DC 20201 )
<u>Defendants.</u> )
)

## **<u>COMPLAINT</u>**

## INTRODUCTION

1.    This is an action to overturn arbitrary and capricious FDA action approving Abbreviated New Animal Drug Application ("ANADA") No. 400-295 and denying Citizen Petition No. 2006P-0249 ("Bayer's Citizen Petition" or "Citizen Petition"), which allowed generic competition for Plaintiff Bayer HealthCare LLC's Baytril® 100 product.  The action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Food, Drug, and Cosmetic Act ("FDCA"), in particular, 21 U.S.C. § 360b.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 703.

4.    This Court may award Plaintiff all necessary injunctive relief pursuant to the APA, 5 U.S.C. § 706, and may award declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## THE PARTIES

5.    Plaintiff Bayer HealthCare, LLC ("Bayer") is a limited liability corporation, whose Animal Health Division has been continuously researching and developing products for animal health and pest control since 1919 and protecting millions of food animals by offering effective, safe animal health care products.  Bayer is the owner of New Animal Drug Application No. 141-068, pursuant to which it markets Baytril® 100, a revolutionary treatment for bovine respiratory disease ("BRD").

6.    Defendants FDA and Margaret Hamburg, in her official capacity as Commissioner of FDA, are charged by the Food and Drug Act with protecting the public health by ensuring that veterinary drugs are used as prescribed on their labels. Food and Drug Act implementing regulations and the APA require Defendants FDA and Hamburg to rule on citizen petitions within a reasonable period of time.

7.    Defendants Center for Veterinary Medicine ("CVM") and Bernadette Dunham, in her official capacity as Director of CVM, are charged by the Food and Drug Act and its implementing regulations with not approving new abbreviated animal drug applications unless the conditions of use in the proposed labeling are reasonably certain to be followed in practice.

8.    Defendants United States Department of Health and Human Services ("HHS") and Kathleen Sebelius, in her official capacity as Secretary of HHS, are charged with responsibility for the implementation and administration of relevant provisions of the Food and Drug Act.

9.    For the purposes of this Complaint, Defendants FDA, Margaret Hamburg, CVM, Bernadette Dunham, HHS, and Kathleen Sebelius shall individually and collectively be referred to as "FDA."

## STATUTORY AND REGULATORY FRAMEWORK

Approval of Drug Applications

10.    The Secretary of HHS, "through the Commissioner" of FDA, 21 U.S.C. § 393(d)(2), regulates new animal drugs under section 512 of the FDCA, 21 U.S.C. § 360b.

11.    The FDA cannot approve an abbreviated new animal drug application if the Secretary finds "the conditions of use proscribed, recommended, or suggested in the proposed labeling are not reasonably certain to be followed in practice …" 21 U.S.C. § 360b(c)(2)(A)(ii).

3

12.   The Commissioner of FDA has delegated several responsibilities under 21 U.S.C. § 360b to the Director of CVM, formerly known as the Bureau of Veterinary Medicine. *See,* Staff Manual Guides § 1410.10 (1)(A)(1).

Citizen Petitions

13.   FDA's regulations allow citizens to petition FDA to "issue, amend, or revoke a regulation or order, or to take or refrain from taking any other form of administrative action." 21 C.F.R. § 10.25.

14.   FDA must rule on each petition filed.  21 C.F.R. § 10.30(e).

15.   The Commissioner must respond within 180 days of receipt of the petition by approving, denying, or providing a tentative response to the petition, indicating why the agency has not yet been able to reach a decision on the petition.  21 C.F.R. § 10.30(e)(2).  In a tentative response, the Commissioner "may also indicate the likely ultimate agency response, and may specify when a final response may be furnished." *Id.* § 10.30(e)(2)(iii).

16.   The Commissioner "may grant or deny such a petition, in whole or in part, and may grant such other relief or take other action as the petition warrants." 21 C.F.R. § 10.30(e)(3). The petitioner must be "notified in writing of the Commissioner's decision." *Id.*

Administrative Procedure Act

17.   The Administrative Procedure Act ("APA") provides that a court "shall ... hold unlawful and set aside agency action [that is] ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

18.   The APA also provides that a court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

THE FACTS

19.  Bovine respiratory disease ("BRD") is a common, widespread, debilitating, and often

deadly disease that imposes enormous costs on the cattle industry. For many years the

conventional wisdom was that BRD had to be treated by administering multiple, low doses of

antibiotic – a time consuming, expensive, and cumbersome process.

20.  Bayer revolutionized the industry with the development of a single high dose treatment

for BRD with a fluoroquinolone antibiotic.  Bayer secured a patent for its invention, and began

marketing Baytril® 100 as single high dose treatment in 1998. See U.S. Patent No. 5,756,506.

21.  On June 13, 2006, Bayer filed Citizen Petition No. 2006P-0249 with the FDA.  In that

petition, Bayer explained that any generic application based on Baytril® 100, labeled only for a

multiple dose regimen would be used in the single high dose regimen, contrary to its label. Bayer

requested that FDA comply with its statutory obligation and refrain from approving a generic

application in such circumstances.

22.  To support its contentions, Bayer submitted three declarations from experienced, well-

known veterinarians in the cattle industry, explaining the advantages of single high dose use and

results from a survey conducted by an independent market research firm.  All three veterinarians

concluded and explained that a generic version of Baytril® labeled only for multi-day

administration would be used in a single high dose, notwithstanding the instructions on the label.

The evidence provided in this submission remains uncontroverted to this day.

23.  On December 8, 2006, the FDA acknowledged the seriousness and complexity of the

issues raised in Bayer's Citizen Petition in a letter, promising that a final response would be

issued. Bayer received no such response.

24.  In 2008, Norbrook Laboratories, Ltd. Submitted an Abbreviated New Animal Drug Application ("ANADA") No. 200-495 to market a generic version of Baytril® 100, in a multiday dosing regimen.  Despite being aware of Bayer's Citizen Petition, Norbrook never submitted a response to FDA to refute the facts established therein.

25.  On September 3, 2009, Bayer contacted FDA by telephone to inquire as to the status of its petition.  Bayer was assured that the Citizen Petition was under active review.

26.  Bayer has still not received a substantive response to its Citizen Petition from FDA.

27.  Notwithstanding the continued pendency of Bayer's Citizen Petition, the serious issues it raised, and the evidence it introduced into the administrative record concerning the inevitable off-label use of a generic version of Baytril® 100, on March 29, 2013, FDA approved Norbrook's ANADA No. 200-495 allowing Norbrook to market a generic version of Baytril® 100 – Enroflox 100.

28.  The conditions of use proscribed, recommended, or suggested in the proposed labeling of ANADA No. 200-495, now approved by FDA, "are not reasonably certain to be followed in practice ..." 21 U.S.C. § 360b(c)(2)(A)(ii).  The uncontroverted record evidence is that the generic product is reasonably certain to be used off-label in a single high dose.

29.  Unless enjoined in a manner that restores the status quo ex ante, FDA's unlawful approval of ANADA No. 200-495 and constructive denial of Bayer's Citizen Petition has caused, and will continue to cause irreparable harm to Bayer.  Bayer's injury from FDA's conduct will be irreparable, unrecoverable by money damages, and incalculable.  The injury to Bayer includes, *inter alia*, price erosion for Baytril® 100, loss of goodwill, loss of employees with valuable knowledge and experience relating to Baytril® and BRD, and the loss of research and development resources and opportunities associated with future drug products.

6

COUNT I

30.  Plaintiffs incorporate by reference all preceding paragraphs as if set forth in their
entirety.

31.  FDA's approval of Norbrook's Enroflox 100 is arbitrary, capricious, an abuse of
discretion, and not in accordance with law.  FDA's actions are in violation of the FDCA and the
APA.

32.  This Court should set aside and vacate the unlawful approval of ANADA No. 200-495
and declare that FDA may not finally approve an ANADA covering a product that is not labeled
to treat BRD in a single high dose.

COUNT II

33.  Plaintiffs incorporate by reference all preceding paragraphs as if set forth in their
entirety.

34.  FDA's approval of Norbrook's Enroflox 100 constitutes a constructive denial of Bayer's
Citizen Petition. This constructive denial is arbitrary, capricious, an abuse of discretion, and not
in accordance with law.  FDA's actions are in violation of the FDCA and the APA.

35.  This Court should set aside and vacate that unlawful denial of Bayer's Citizen Petition
and order FDA to grant Bayer's Citizen Petition.  This Court should set aside and vacate the
unlawful approval of ANADA No. 200-495, and declare that FDA may not finally approve an
ANADA covering a product that is not labeled to treat BRD in a single high dose.

COUNT III

36.  Plaintiffs incorporate by reference all preceding paragraphs as if set forth in their
entirety.

37.   FDA has delayed unreasonably in issuing a formal final response to Bayer's Citizen Petition.

38.   FDA's failure to issue a final response constitutes an agency action unreasonably delayed, in violation of the APA and FDCA.

39.   This Court should order FDA to issue a well-reasoned response to Bayer's Citizen Petition that considers all aspects of the issues raised therein, in advance of approval of any application to market a generic version of Baytril® 100.

## REQUEST FOR RELIEF

Bayer requests that this Court enter judgment against FDA as follows:

A.   Declaring that FDA's approval of Norbrook's Enroflox 100 product is arbitrary and capricious in violation of 5 U.S.C. § 706(2).

B.   Declaring that FDA's approval of Norbrook's Enroflox 100 product is not in accordance with 21 U.S.C. § 360b(c)(2)(A)(ii).

C.   Declaring that FDA's constructive denial of Bayer's Citizen Petition is arbitrary and capricious in violation of 5 U.S.C. § 706(2).

D.   Declaring that FDA's delay in issuing a final response to Bayer's Citizen Petition is unreasonable and not in accordance with law, pursuant to 5 U.S.C. § 706(1).

E.   Vacating FDA's final approval of Norbrook's Enroflox 100 product.

F.   Enjoining preliminarily and permanently FDA from approving any ANADA that references Baytril® 100 and is not indicated for single high dose treatment of BRD.

G.   Ordering a recall of Norbrook's Enroflox 100 product.

H.  Compelling FDA to issue a final, well-reasoned response to Bayer's Citizen Petition that considers all aspects of the issues raised therein, in advance of approval of any application to market a generic version of Baytril® 100.

I.  Compelling FDA to grant Bayer's Citizen Petition and all relief requested therein.

J.  Granting such other and further relief as this Court deems just and proper.


Respectfully submitted,


BRUCE R. GENDERSON (DC Bar No. 961367)
DAVID I. BERL (DC Bar No. 482436) *admission
and pro hac vice application pending*
STANLEY E. FISHER (DC Bar No. 498540)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
(202) 434-5000


ALAN R. BENNETT (DC Bar No. 176628)
ROPES & GRAY LLP
700 Twelfth Street, NW
Washington, DC  20005


April 10, 2013                    *Attorneys for Plaintiff*